Subject. Subject? Subject. All right. Thank you. This is what we need, a good insurance case. Scintillating, right? Scintillating. May it please the court. Good morning, your honors. Good morning, counsel. My name is Mark Subcheck and I'm here on behalf of Allied World National Assurance Company. Allied World respectfully requests that this court reverse the district court summary judgment dismissal of counts one and two of Allied World's complaint. I'd like to make three points in support of reversal. First, the district court erred in rejecting Allied World's reasonable interpretation of the changes made to the Old Republic CGL policy's employer's liability exclusion by the fellow employee wrap-up exclusion deleted endorsement, because when read as a whole and in context with the rest of the policy, that provision reinstitutes coverage for Oscar Renda where the underlying petition contains allegations of supervisory negligence. Second, Old Republic and the district court's reading of the CGL policy is unreasonable because it renders the with respect to supervisory personnel language in endorsement and the fellow employee endorsement surpluses. And that's because under established Texas law, the fellow employee, I'm sorry, the employer's liability exclusion would not apply to supervisory personnel in the first place. So it's unreasonable to read the endorsement as reinstituting coverage only for persons to whom the endorsement would not apply in the first instance. And third, while Allied World believes its reading is the only reasonable one of the policy, of the Old Republic CGL policy, to the extent that this court disagrees and also deems Old Republic's reading reasonable, the CGL policy is ambiguous and must be construed in favor of coverage. Turning to my first point, the fellow employee endorsement reinstitutes coverage for and at the outset it bears repeating that Allied World has the burden to prove the allegations in the underlying petition fall within the Old Republic CGL's coverage grant, the initial burden. And there's no dispute that that obligation is satisfied here. It's undisputed that Oscar Renda isn't insured under the Old Republic CGL policy. It's undisputed that the underlying petition seeks damages from Oscar Renda for bodily injury as that term is defined in the CGL policy. It's undisputed that Mr. Machuca Mercado, the decedent's death, was caused by an occurrence, again, as that term is used in the CGL policy. And it's undisputed that the occurrence happened within the CGL policy's designated coverage territory and effective dates. So the burden shifts to Old Republic to establish an exclusion applies and that there is no potential for coverage under the policy. Under Texas law, exclusions are read narrowly and all inferences are resolved in favor of coverage. Now here, Old Republic relies on one exclusion to disclaim coverage, the employer's liability exclusion. The employer's liability exclusion states in relevant part that the CGL policy does not apply to bodily injury to an employee of the insured, and I'll emphasize the insured, arising out of and in the course of employment by the insured or performing duties related to the conduct of the insured's business. But that exclusion is subject to a critical exception, which is the employer's liability, I'm sorry, the fellow employee wrap-up exclusion deleted endorsement, the fellow employee endorsement, which states that with respect to supervisory personnel, the employer's liability exclusion is amended to include the following provision. This paragraph E, which is the employer's liability exclusion, does not apply to bodily injury to an employee when such bodily injury is caused by another employee. Counsel, can I, I want to make sure I understand how this endorsement works. Yes. So I don't know if you have the same version of it in front of you that I do. I'm looking at 595 of the record, and the endorsement makes two different amendments, right? It amends the who is an insured provision in 2A1A, and it amends the one you're talking about, the employer's liability. As to the second one, it says section two, who's an insured is admitted to read, and then has a quote. And so what I take it to mean is that I go to that part of the policy, I find this subparagraph A, I delete the old A, and I put in this new one. So as to the one we're talking about with respect to supervisory personnel, the amendment, like the actual amended text that I would think that I go put into the employer's liability exclusion, is just this paragraph E does not apply to the language you just read to the court. Correct. What work is with respect to supervisory personnel doing? And what I mean by that is, like, is that supposed to be added to the policy too? Is it just prefatory because it's explaining the purpose of the endorsement? Like, I don't know what those words are supposed to be doing. I think it has to be. I don't think it's added to the policy at all, because I think that if you read the language, the plain language is that the policy is amended with respect to supervisory personnel, but it doesn't actually amend the policy. The only part of the policy that's amended is, as I think Your Honor is getting to, is the portion that says, paragraph, this paragraph E does not apply. The indented text. The indented text. That makes total sense to me. So then what is the point of, with respect, I realize you didn't write this, but what is with respect to supervisory personnel doing? Well, I think what respect to supervisory personnel doing here is reinstituting coverage for Oscarenda, where there's underlying allegations of supervisory negligence. And the thing I don't get, and this is not an unfriendly question, because I just don't know why you need this, because it strikes me that this paragraph E does not apply, the stuff we're just talking about is the amendment. That reinstitutes the coverage as to Oscarenda too, doesn't it? Yes. So you don't need to have the with respect to supervisory personnel in any event to get the coverage that you need. Well, I think that's exactly right, and I think that that's exactly right, because under Texas, this is my second point, under Texas law, employer's liability exclusions, like the one in the CGL policy, they only apply to the party that employs the injured worker, okay? And that's because, so, so Renda supervisory personnel did not employ the decedent in this case. So the employer's liability exclusion would never apply to them to begin with. So I think that the language is, it's surplusage, and the case, there's case law that supports this, and those cases are Western Heritage versus Magic Years, and Admiral versus Trident NGL. And in each of those cases, a party other than the employer sought coverage under the employer's policy. In each of those cases, the insurer contested coverage based on an employer's But because each of the policies, like the policy here, had a, what they call a severability of interests, or a separation of insureds provision, each court held that the insured was treated separately under the policy, okay? Meaning that because the, because the employer's endorsement exclusion refers to the insured, it's interpreted to refer to the insured seeking coverage. Well, the insured seeking coverage in those cases weren't the employer. They were, and in Magic Years, they were kind of the, it was a daycare center, it was the parties who ran the daycare center. So because the party seeking coverage, the insured didn't employ the injured party, the exclusion would never apply to those parties. So because the Renda supervisory personnel did not employ the decedent here, the employer's liability exclusion shouldn't apply to supervisory personnel in the first, it would never apply to supervisory personnel in the first instance. Meaning that the provision is utterly useless if it doesn't reinstate coverage for Renda itself. Now, Old Republic doesn't really challenge Magic Years or Admiral in their brief. They don't try to really distinguish them, and I don't know if I would say concede is the right word, but they certainly don't contest that the Magic Years and Admiral insurance cases are accurately reflective of Texas law. They cite one case to the contrary, which is Aberdeen v. Bovee, 777 Southwest 2nd, 442, a Texas appellate court decision. But I want to distinguish Bovee for a very simple reason, which is if you look at Magic Years and you look at Admiral, the separation of insurance provision was crucial to the analysis, the provision that says you have to treat anyone seeking coverage under the policy separately. Well, Bovee didn't have that provision, or at least apparently didn't have it, and the court recognized this in footnote four of the Magic Years decision. It actually distinguished Bovee on that basis. So the other point that Old Republic makes in contravention of this surplusage argument that we're making is essentially that it's relying on a number of cases, including Whole Woman's Health and Philadelphia indemnity, but no case involving an insurance policy, to essentially argue that the surplusage its overcaution or a harmless redundancy. But the narrow exception on which it relies applies only if it's impossible to avoid redundancy without rendering other language in the provision superfluous or rewriting it altogether. And here I think Allied World's position, which is that with respect to supervisory personnel language, applies to reinstitute coverage for RENDA. We're not trying to rewrite anything. We're trying to give effect to the plain language of the policy, construing it in favor of coverage as exceptions to exclusions must be. And I'd also like to point out here that the district court made a point of opining that the underlying petition here doesn't concern supervisory personnel. But I think that's incorrect. And just to be clear, with respect to is defined under Texas law as referring to, concerning, or with reference or regard to. Well, the prefatory statement in the underlying petition says, whenever in this petition it is alleged that Oscar RENDA committed any act or omission, it is meant that Oscar RENDA's officers, directors, vice principals, agents, servants, and or employees committed such act or omission. Supervisor would certainly qualify as an employee. The petition goes on to allege that Oscar RENDA failed to properly hire, train, retain, and supervise employees amongst others. That it failed to provide proper supervision of its employees and subcontractors. It alleges negligent hiring, retention, and supervision of Oscar RENDA's supervisors. It alleges that Oscar RENDA negligently allowed workers to be unaccounted for, which goes to supervision. It alleges that Oscar RENDA was negligent in directing the actions and work of the decedent while unsafe OSHA-related safety violations existed. And finally, it alleges that Oscar RENDA failed to issue workers, invitees, and or employees radios or proper supervision and trench safety equipment as required by OSHA. So in other words, the underlying petition contains numerous allegations of negligence with regard to or concerning, which is the definition of with respect to under Texas law, or with reference in regard to supervisory personnel. And that's regardless of whether the underlying plaintiff chose to name those personnel as defendants in the petition. Now, I'd also like to briefly discuss Texas rules with regards to insurance policy interpretation, which is that, again, Allied World reiterates that its interpretation here is the only reasonable interpretation. But to the extent that this court finds both Allied World and Old Republic's reasonable, it bears repeating that that conclusion would render the provision ambiguous. And under Texas law, ambiguous provisions and insurance policies are construed in favor of coverage. Therefore, to the extent that there are two reasonable interpretations, the tie goes against Old Republic here. The tie goes in favor of coverage. Old Republic makes a few other points in its brief that I'd like to address briefly. The first is that it discusses at length the title of the endorsement, which fellow employee wrap-up exclusion deleted as supporting its reading. But to be clear, courts can consider the titles of contract provisions in interpreting the contract. But also to be clear, titles are not afforded special status. And if the title conflicts with the provision substance, it's the substance that frankly it's misleading. And it's not helpful in interpreting the provision. And this goes to, first, the amendments that are made to the employer's liability exclusion with respect to supervisory personnel, they don't delete anything, right? It's called fellow employee wrap-up exclusion deleted. They don't delete anything. They add a provision. So they amend or modify the employer's liability exclusion by adding another provision, and per Old Republic, only to a limited categories of employees, supervisors. Now Old Republic will argue that the deleted in the title refers to the second portion of the endorsement, which narrows, or I'm sorry, broadens the definition of who qualifies as an insured portion of the policy. Well, that's not an exclusion. That's the who is an insured portion of the policy. The exclusions in the policy are in a different section. And so it affirmatively sets forth who qualifies for coverage. It's not contained in the exclusion sections of the policy. So the reference in the title to exclusion deleted should not be omitted. Old Republic also cites to a couple of cases called Blood and Tissue Center and Inree Williford. I'll just state that I don't think that those cases are particularly helpful here. They address with respect to language, but essentially in those cases, the parties argued that the with respect to language was without effect. And Allied World does not contend that language here is without effect at all. It simply means with respect to supervisory personnel, reinstates coverage for Oscar Renda where the underlying petition alleges the negligence of supervisory personnel. And Old Republic also cites one out of state case, an unreported trial court decision from Delaware that's distinguishable. The case is Feral Gas Partners versus Zurich American Insurance Company. There's a couple of reasons that that case is distinguishable. The first is that unlike the provision in, you know, and I see I'm out of time, may I briefly conclude? Yeah, finish it though. Well, there's two reasons. One, that provision in Feral Gas contained the word solely, but even though the court in that case found the provision provided with respect to Bridger's logistics, a certain retroactive date exclusion applied. But it was also worth noting in that case that the court found it unambiguous, but it noted strenuously that it was the insured that was arguing that that provision applied and therefore it had to be construed in favor of coverage. For those reasons, Allied World respectfully asks that this court reverse dismissal of All right. Thank you, sir. You have reserved some rebuttal time. Yes, sir. That's correct. Mr. Schubert. May it please the court. My name is David Schubert. I'm counsel for Applee Old Republic. Let me first just jump right in, Judge Oldham, and try to tackle your question because I think you're zeroing in really on what this is about is what do we do with this endorsement? What does it mean? Why is it on this policy? I'm going to try to answer that. Insureds by two companies that employ people, typically by employer's liability insurance that has worker's comp on it, a worker's comp employer's liability policy for injuries sustained by their employees in the course and scope. They typically buy commercial general insurance to cover exposures and liabilities to third parties. Those two policies in their standard form, and these are fairly standard form policies that we're dealing with here, have a hand in glove feature. The general liability policy, because employee injuries are covered on the worker's comp employer's liability, contain the employer's liability exclusion. The worker's comp employer's liability policy only covers injuries to workers that occur in the course and scope of their employment. However, in some states, unlike Texas, but in some states, the worker's compensation schemes in those states allow under certain circumstances individual company supervisors or managers to be personally sued by an injured employee. Texas does not. Our worker's comp scheme bars all claims against not only the employer entity, but against supervisors. But in some states, there are want to protect their upper management, their supervisors. How do we do that? Well, we can't do that on the worker's comp side, because the standard worker's comp policy, it's very short, it only covers the employer, there aren't any provisions in it that define insureds to include others like employees, officers, directors, individuals. However, the CGL policy, and this now gets to this endorsement, particularly part two of that endorsement that Judge Oldham, you were asking about, the CGL policy not only covers Oscar Renda, the entity, as the named insured, but that CGL policy has a whole section called the who is an insured section. And among the provisions in that who is an insured section is a sentence that says we cover individual employees while they are acting in the course and scope of their employment. But thereafter, there is a sentence, and I have called it in our brief the however sentence. And the second part of this endorsement that you were asking about, Judge Oldham, this 2A1A, that is the however sentence. And what the however sentence does is it says, however, these employees that we just said in the preceding sentence are insureds while acting in the course and scope of their employment, however, they are not insureds, and I'm paraphrasing, but if you read the language, they are not insureds for purposes of injuries to a fellow employee, to a volunteer employee. Basically, what are we doing? We're going back to that hand in glove. If you've got an individual, if you've got an employee on the job injury, that's workers' comp employers' liability, and we're not going to cover anybody, the company or a manager or another employee on the CGL policy. We're going to have the employers' liability exclusion, and we're also going to say that there is a what this endorsement in the title calls a fellow employee exclusion. So, yes, if I was drafting the endorsement, if I was putting the title on it, I probably wouldn't have done it exactly the same way, but the fellow employee exclusion deleted language in the endorsement is, in fact, the deletion of the fellow employee exclusionary language that is contained in the who is an insured section of the CGL policy. Now, why would a company want this endorsement? Because what about those states where a supervisor can be sued? This endorsement does two things. This goes to Judge Oldham's question. The first thing it does is it says, we are now going to make that sued supervisor who faces potential liability, we are going to make them an insured. We're going to shorten the however sentence in the policy and replace it so that now it's a very short exclusion. It's no longer a fellow employee injury exclusion. The exclusion has been reduced to only an injury to a partner or member of the named insured. So if it's an LLC or a partnership, if it's basically the owner of the company, we're still not going to let the individual employee be covered for that, but they are now covered, the supervisor is now covered personally if he or she is sued for injuring a fellow employee. That's part two of the endorsement. The however sentence is shortened. So now we have a supervisor who is an insured on this CGL policy, whereas before they were not without the endorsement. What the first part of the endorsement does, the only part that really is directly at issue in this case, is it then comes in and says, with respect to supervisory personnel, okay, so we're saying if you're an employee, one of these supervisors, who now is an insured because we've tinkered with the who is an insured section, with respect to supervisory personnel, section one, coverage A, exclusion E, you can collapse all that, the employer's liability exclusion. With respect to supervisory personnel, the employer's liability exclusion in the main coverage form is amended to include this sentence. I've called it the carve out sentence in our brief. And the sentence says, with respect to supervisory personnel, the exclusion now has an additional sentence that we are going to apply. And that additional sentence is, this exclusion does not apply bodily injury to an employee if it's caused by another employee. So you can see what's going on here. Now the supervisor that gets sued personally, he gets to be an insured on the policy, and if there's any question about somebody arguing, the insurance company, my client, arguing, oh, but wait a second, we have an exclusion for bodily injury to an employee of the insured, and you're his supervisor. The guy hurt, you're his boss. He's your employee. We make it really clear, no, we're not going to apply the employer liability exclusion. With respect to, the wording of this first paragraph is critical. What does with respect to supervisory personnel, what does it do grammatically as used in this policy? It puts a boundary around what immediately follows the exclusion is amended. In other words, Judge O'Connor 100% correctly found that where you say, where the policy says that the exclusion is amended, quote, with respect to supervisory personnel, that necessarily means it's not amended as to anybody else. And in this particular underlying case, if we had had an individual Oscarinda supervisor being sued, then we would absolutely have to worry about this endorsement, this exclusion being amended. Because in that case, it comes to life. This amendment springs to life. With respect to supervisory personnel, supervisory personnel's being sued, the first part of this endorsement comes into play. Counsel, can I ask you the same question I asked your friend on the other side? Do you think that the phrase with respect to supervisory personnel is added to the text of the employer's liability exclusion with the rest of the language that is the amendment? If I understand your question, with respect to supervisory personnel, does that also confine, under my argument, the changes to the who is an insured part? And I realize this is a little bit difficult because if we had PowerPoints and stuff, we could walk through it together. Because you obviously can't see what I'm looking at. But when I'm looking at the endorsement, you talked about the however sentence, for example. The amendment to the however sentence, the way I read what Old Republic did is they said, take out the old text and insert this, to you, to your partners or members, if you're a partnership or joint venture, semicolon. So what I just read is the amended text. And if I wanted to go look at the new CGL policy, I just take out the old text, I put in this new text, and that's what the endorsement did. With respect to the supervisory personnel endorsement amendment, et cetera, it looks to me, just looking at this document, that this paragraph E does not apply to bodily injury to an employee when such bodily injury is caused by another employee. That's the amendment. So I take that text that I just read and I drop it in as a sentence that follows the other, this exclusion applies and this exclusion does not apply in 2E of the actual CGL policy. You see where I'm going? Yes, yes. In other words, yes, I think I do, Your Honor. I think with respect to supervisory personnel, that only affects the first part of this endorsement. Totally. And my question is, do I actually, in putting the amendment into 2E, do I need to paragraph E does not apply to bodily injury? The answer to that question is no, Your Honor. And that's what I'm getting, that's exactly what I'm getting, what I was just getting at before. Thank you for asking that. The amending action of the, and you've just hit on it, the amending action of this endorsement on the exclusion, the 2E exclusion, is to add that sentence, that carve-out sentence. But all of that is prefaced and limited by this initial preparatory clause in the endorsement that starts off with respect to supervisory personnel, comma, the exclusion is amended. So therefore, that sentence, that carve-out sentence, is only, in effect, added as a carve-out to the exclusion with respect to a supervisory personnel that is seeking coverage under this policy. If someone like Oscar Renda, the company, the only company that was sued in the underlying wrongful death case, is seeking coverage, and they did, and we afforded them the coverage under the employer's liability policy, we paid a million dollars under that policy, we defended them fully under that policy, if they are the only party seeking coverage, then what Judge O'Connor found, which we completely agree with, what we argued in the trial court is, this with respect to supervisory personnel means you don't, you stop. The exclusion is not amended as to Oscar Renda. It's not amended because the endorsement says it's only amended with respect to supervisory personnel, and Oscar Renda hires personnel, employs personnel, but it is a company, an entity, that is not itself personnel. Had one of its managers been sued, then the exclusion is amended to a manager that is seeking coverage under the policy. The exclusion is not amended as to anyone else, and that's give back a little bit of time or field any other questions. From a 30,000 foot standpoint, to accept Allied World's argument that this amendment in effect means that there is coverage, that the exclusion no longer applies any time there are allegations of supervisory level negligence, well, there's huge problems with that. One, notice what word is not anywhere in the endorsement, negligence. Supervisory negligence is not in the endorsement. The only place supervisory appears is as an adjective modifying personnel in the prefatory clause stating when this particular amendment we're about to tell you about applies, to whom it applies. That's the only place this sentence, and this sentence doesn't say anything about supervisory negligence. That's the only amendment made to the exclusion. And so that's a, the other problem with their argument is, if you end up with Oscar Renda, and I don't have the figures in front of me, paid however many tens of thousands of dollars of premium to my client for their work, their argument, they didn't even need to do that. They should have just bought this CGL policy, because what kind of employee injury case are you going to have where there's not some claims of some allegations, some alleged involvement of supervisory negligence? They didn't even need to buy the employer's liability policy. The entity itself is covered on the... They would have needed it for the typical, what I would think of as the typical workers' comp. Yeah, they would need it to be a subscriber and comply with workers' comp, but otherwise, like in this case, with a gross negligence death case being brought pursuant to the limited provisions under Texas law where an employee is allowed, employee's family is allowed to sue for gross negligence, even though the company has workers' comp, which is what the underlying suit was. They don't have a need to even have the other policy. They paid us tens of thousands of dollars for coverage that no longer is hand-in-glove like it was intended to these two under their argument that covers employee injury claims against the company itself, as long as there's some claims of supervisory negligence somewhere in the petition. Well, there's always claims of supervisory negligence. Do you concede any ambiguity here, or is it clear as a bell, unequivocal, in your favor? In our view, we agree with Judge O'Connor that it's to say, with respect to supervisory personnel, comma, the exclusion is amended to include the sentence. Our position is that is clear. There is no construction of it where you end up with allied worlds. Conclusion. Now, can I envision an ambiguity in some other case? Yes, I can, Your Honor. I can envision a fight about what supervisory means. So how high up in the company management chain tree does an employee have to be if they had been personally sued in order to be supervisory? But that's irrelevant here, because here, the only party ever sued in the underlying suit was the company itself, and it is not supervisory personnel. With respect to Judge Willett's question, would you at least agree that if you had written this, as opposed to Old Republic had to write the endorsement, you would have put, with respect to supervisory personnel, in what you call the carve-out clause, as opposed to preferatory? I'd have to think about how I would write it, but I think if I could write it to have the same effect that Old Republic version of writing it, I could write it differently to have the same effect. It says, we will not apply this exclusion to an insured qualifying under section such and such of the who is an insured section if that person is a supervisor or manager. I could do that. Because the amended text of the carve-out clause doesn't use the word supervisor, supervisory personnel. The carve-out is just, it doesn't apply. The carve-out is it doesn't apply to one employee caused by another, and that's my point, is you can't get where they're trying to get. Where Allied World is trying to get, you can't get there with this language, because that amendment to add that carve-out sentence only comes into play, it only gets activated with respect to supervisory personnel, and the only, to answer Judge Willett completely now, the only possibility is that that has to apply only when a supervisory personnel is the party seeking coverage under the policy, and supervisory negligence is not even mentioned. And we do, I've got just very little time, the redundancy argument that they make, we have given the court cases, Supreme Court, including 2022 Texas Supreme Court in a case that they decided on certification from this court involving the abortion statute, the penal code provision involving abortion statute. The law in Texas is we prefer to avoid redundancies, but the Supreme Court has repeatedly made clear that you can't change the language to say something it doesn't clearly say just because to do so is necessary to make it non-redundant. Was it necessary for us to make this exclusion not applicable to individuals? Maybe not under Texas law, but the Aberdeen Boe V case is a case out there that was decided where they applied the exclusion to a supervisor, and what the Supreme Court has said is sometimes drafters of statutes and drafters of contracts include language and provisions that weren't really necessary, so maybe it wasn't necessary for us to protect supervisors from the exclusion, but they do it, according to the Supreme Court, for clarity and other reasons of emphasis. And my time is up, and thank you, Your Honors. So we appreciate your argument. Back to you, Mr. Subject. Thank you, Your Honors. First, just to be clear as far as the argument about other states' law, this was a Texas policy issued to a Texas insured covering a Texas project pursuant to a rolling owner-controlled insurance program, and insofar as the key here is Old Republic, insofar as the overlapping coverage argument that Mr. Schubert made, it was incumbent on Old Republic to clarify that the CGL policy wouldn't apply. It was their obligation to make it dovetail with the employer's liability policy, and they didn't, and there are examples in Texas law of overlapping coverage, even in situations, and I'll cite U.S. Fire v. Scottsdale Insurance Company, 264 Southwest 3rd, 160. That happens, and it happens when an insurer like Old Republic fails to specify and fails to take into account the law of the jurisdiction it's in, and that law clearly says that the employer's liability exclusion does not apply to supervisory personnel in the first instance. And again, this is a Texas policy pursuant to a Texas rolling owner-controlled insurance program and covering an insurance project in Texas, or I'm sorry, I'm sorry, a pipeline project in Texas. And as far as the ambiguity argument, or I'm sorry, the redundancy argument, yes, those cases certainly say that if there's no other reasonable interpretation, a redundancy can be overlooked, but the preference is clearly to avoid redundancy where, if possible, and here, you avoid redundancy if you read the employer's, I'm sorry, if you read the fellow employee endorsement as reinstituting coverage with respect to supervisory negligence. Unless your honors have any further questions. All right, thank you, sir. I believe we have. Oh, sorry, sorry, sorry, sorry, sorry, sorry, sorry. Of course. So the petition strikes me as pretty bare bones, and opposing counsel mentioned, I think, does the petition ever include the words supervisory level negligence, or does it name a supervisor that was allegedly negligent? It does not name a specific supervisor, no, your honor, but it does contain repeated allegations, and I think I had gone through them. I can go through them again, but I mean, it alleges that Oscar Renda failed to supervise its employees. It failed to provide proper supervision of its employees. It negligently hired supervisors. Concerning, with respect to means concerning, so I think that, I don't believe, I think that there are allegations of supervisory negligence when you read the petition as a whole. See, I'm out of time. Thank you, your honors. All right, thank you, counsel. Thank you both for your briefing and argument. This concludes the oral arguments on the docket for today, and it also concludes the work of the panel subject to the cases that have been submitted, a non-oily argument. All of them will be submitted to the panel, and we will get them decided. Having said that, the panel stands adjourned.